IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MAIN HASTINGS LLC | § § § § § | |
| *Plaintiff,* | § § | No. 4:10-cv-570 |
| v. | § § § | |
| | § | JURY TRIAL DEMANDED |
| COMMSCOPE, INC. | § § § § | |
| *Defendant.* | § | |

**COMPLAINT FOR FALSE PATENT MARKING**

MAIN HASTINGS LLC, ("Plaintiff") brings this action for false patent marking against COMMSCOPE, INC. ("Defendant") as follows:

This is an action under Title 35, Section 292 of the United States Code for false patent marking.

## I.   THE PARTIES

1. Plaintiff MAIN HASTINGS LLC is a limited liability company duly organized in Texas.

2. Upon information and belief, Defendant is, and at all relevant times mentioned herein was, a corporation organized under the laws of Delaware, having a

place of business at, CommScope, Inc., 1100 CommScope Place SE, P.O. Box 339, Hickory, North Carolina 28603-0339.

## II.     JURISDICTION AND VENUE

3.     This is an action for false patent marking arising under the patent laws of the United States, Title 35, United States Code, specifically, under Title 35, Section 292 of the United States Code.  The Court's jurisdiction is proper under the above statutes, and 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant. Defendant has conducted and does conduct business within the State of Texas. Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, and sells its products in the United States, the State of Texas, and the Eastern District of Texas. Defendant has purposefully and voluntarily placed one or more of its falsely marked products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These falsely marked products have been and continued to be advertised and offered for sale in the Eastern District of Texas. Defendant has committed the offense of false marking within the State of Texas and, more particularly, within the Eastern District of Texas.

5.     Venue is proper in this Court under 28 U.S.C. §§ 1391(c), and 28 U.S.C. § 1395(a) because, at least in part, Defendant's products, the subject matter of this cause of action, have in the past been advertised and sold in this District, and are presently advertised, offered for sale, and sold in this District.

### III. DEFENDANTS' FALSELY MARKED PRODUCTS

6. Defendant has in the past marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) and/or advertises (or causes to be advertised) at least the following of its products with the numbers of one or more expired patents, importing the same are patented, for the purpose of deceiving the public: "DRYLINE® DEHYDRATOR" and "DRYLINE® CABLE DRYER" (Exhibit A), with the number of expired U.S. Patent Nos. 4,944,776 and 5,118,327.

7. Upon information and belief, Defendant has demonstrated a pattern of repeated false marking offenses, which will be further evidenced in these proceedings.

### IV. CAUSE OF ACTION FOR FALSE PATENT MARKING

8. Plaintiff incorporates by reference, repeats, and re-alleges the content of the above paragraphs as though fully set forth herein.

9. All monopoly rights in a patent terminate completely and irretrievably upon expiration of the patent.

10. Upon information and belief, Defendant has many years of experience in applying for, acquiring, and maintaining patents.

11. Upon information and belief, Defendant has many years of experience marking and/or advertising articles sold and offered for sale with pertinent, or potentially pertinent, patent numbers and other indicia of intellectual property rights.

12. Upon information and belief, Defendant knows, or reasonably should know (itself or by its representatives), actually or constructively, that patents do not have indefinite duration and that they expire.

13. Upon information and belief, the Defendant knows, or reasonably should know (itself or by its representatives), actually or constructively, that United States Patent Number 4,944,776 expired at the latest on or about October 5, 2009 (Exhibit B) and United States Patent Number 5,118,327 expired at the latest on or about October 5, 2009 (Exhibit C).

14. Defendant has advertised (or causes to be advertised) and upon information and belief presently advertises (or causes to be advertised) products offered for sale with the number of expired patents 4,944,776 and 5,118,327.

15. Because all monopoly and exclusionary rights in the expired patents 4,944,776 and 5,118,327 have terminated, Defendant cannot have any reasonable belief that articles marked and/or advertised as protected by said patent numbers after expiration of the patent terms have been or are entitled to any protection accorded by United States patent laws.

16. For the reasons set forth herein, and/or for other reasons which will be further evidenced in these proceedings, Defendant has, upon information and belief, falsely marked and/or advertised unpatented articles as patented, with the intent to deceive one or more of, the public, competitors, potential competitors, purchasers, and potential purchasers, in violation of 35 U.S.C. § 292.

17. As a direct and proximate result of Defendant's acts of false patent marking, Plaintiff has been and continues to be injured and has sustained actual and statutory damages.

18. As a direct and proximate result of Defendant's acts of false patent marking, the interests of the United States have been and continue to be injured and such interests have sustained and will continue to sustain actual and statutory damages.

19. Unless Defendant ceases its false marking of goods, the United States will continue to suffer additional irreparable harm and impairment of its interests in furthering technological progress in the useful arts.

20. The Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The Court has the discretion to award the Plaintiff, and the Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

21. For the reasons set forth herein, and/or for additional or alternative reasons which shall be evidenced through these proceedings, each instance of marking and/or advertising (or causing to be advertised and/or marked) a product with the number of the expired patents by the Defendant (directly, or on the packaging or published advertisement thereof) constitutes an "offense" for the purposes and remedies of 35 U.S.C. §292(a).

22. Plaintiff demands a trial by jury for all issues so triable.

## V.    PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. A judgment that Defendant has violated the provisions of 35 U.S.C. § 292, as alleged herein;

B.     A judgment and order requiring Defendant to pay to the Plaintiff, and to the United States Treasury, to share equally pursuant to statue, a civil monetary fine of FIVE HUNDRED DOLLARS ($500) per false marking offense.

C.     A judgment and order requiring Defendant to pay to the Plaintiff, and to the United States Treasury, to share equally pursuant to statue, a civil monetary fine of FIVE HUNDRED DOLLARS ($500) per false advertising offense.

D.     A judgment and order requiring Defendant to pay Plaintiff, and the United States, pre-judgment and post-judgment interest on the damages awarded;

E.     A judgment and order finding this to be a case in which the equities and circumstances require Defendant to pay, in addition to the civil monetary fine shared equally between the Plaintiff and the U.S. government, the costs of this action (including all disbursements) and attorneys' fees incurred by the Plaintiff.

F.     A judgment and order that Defendant, its agents employees, representatives, successors, and assigns, and those acting in privity or in concert with them, be permanently enjoined from further false marking as evidenced herein; and

G.     Such other and further relief as the Court deems just and equitable.

Dated: October 26, 2010			Respectfully submitted,

				By:	s/Michael T. Konczal
					MICHAEL T. KONCZAL
					Texas State Bar No. 24067958

					KONCZAL LAW FIRM PLLC
					P.O. Box 863656
					Plano, Texas 75093

					214-228-3641

					mike@patentmike.com

					Attorney for Plaintiff
					MAIN HASTINGS LLC

**COMPLAINT FOR FALSE PATENT MARKING – Page 7**